**UNITED STATES of America**

v.

**Juan OQUENDO, Appellant.**

No. 09–2246.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) May 20, 2010.

Filed: June 2, 2010.

Martin C. Carlson, Esq., Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Thomas A. Thornton, Esq., Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

BEFORE: FUENTES, HARDIMAN, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Since this opinion is wholly without precedential value we write solely for the benefit of the parties, who are familiar with the factual and procedural history of this case, in order to explain why we will affirm.

While Oquendo was serving a sentence in a state prison, he sent a letter to a federal judge threatening to kill him. He pleaded guilty to threatening a United States official with intent to impede the performance of his duties in violation of 18 U.S.C. § 115(a)(1)(B). The District Court sentenced him to 77 months in prison, the bottom-end of the career offender guideline range. The District Court also sentenced him to two years of supervised release and assessed him $100.

Oquendo appeals his sentence, claiming that the District Court failed to meaningfully consider relevant factors under 18 USC § 3553(a). We disagree. The prem-

ise of Oquendo's argument is that the District Court must discuss, on the record, each factor enumerated in Section 3553(a). In this vein, he asserts that the District Court failed to consider his childhood abuse or his mental health issues in sentencing him. None of these issues were explicitly raised by counsel at sentencing as a basis for either a variance or a downward departure. Nonetheless, our review of the record makes it clear that his tragic history was detailed in the presentence report. Based upon the comments of the District Court at sentencing, which specifically referred to both his history and his need for mental health care, we are satisfied that the District Court knew of these facts and gave appropriate, reasonable attention to them. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir.2009).

Similarly, Oquendo's assertions that the District Court gave cursory review to issues that were explicitly raised as bases for mitigation of the sentence also fall flat. First, we find it patently absurd to attempt to portray a letter making multiple, explicit threats of death as something less than a crime of violence. Second, the court plainly referenced Oquendo's long criminal history, which included juvenile offenses. Nonetheless, the record makes clear that his adult criminal history, by itself, is more than sufficient to categorize Oquendo as a career offender. Finally, Oquendo asserts that the District Court ignored his request for leniency, which was based upon the combined length of his prior sentence and a sentence within the career offender guideline range. The record reflects that the District Court considered the severity of the sentence, but found that it was justified for numerous reasons, including deterrence against a continuation of an entrenched pattern of criminal conduct. We note that the District Court did evince some sensitivity to this issue by sentencing Oquendo to the low end of the career offender guideline range.

For all of these reasons, we will affirm the District Court's judgment of conviction and sentence.